**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 16-CR-96-JED |
| | ) | |
| v. | ) | |
| | ) | |
| TIMOTHY PAUL HAMILTON, JR., | ) | |
| TIMOTHY PAUL HAMILTON | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Before the Court is plaintiff the United States of America's "Joint Motion to Reset Schedule (the "Motion") (Doc. 22). The government, with consent from both defendants, asks the Court to declare this matter a complex case under Sections 3161(h)(7)(A), (h)(7)(B)(ii), and (h)(7)(B)(iv) of the Speedy Trial Act, 18 U.S.C. § 3161 *et seq*. The Motion further requests a trial setting to commence on the September 2017 trial docket. The trial is currently set for March 20, 2017. (Doc. 14).

The Sealed Indictment in this case alleges eleven counts related to fraudulent investment conspiracies and activities. (Doc. 2). Specifically, the Indictment alleges that defendants induced investors to put money into two business ventures. (*Id.*). As the government describes, the first venture involved the purported production of sports equipment and clothing that supposedly controlled odor and skin disease. The second venture involved the purported production of nutritional supplements. (Doc. 22 at 2). The government believes that defendants' false representations about the purported products and their operations of the two ventures induced investors to fraudulently invest approximately $875,000. The substantive counts in the Indictment relate to the transfer and disposition of invested funds. (*Id.*).

A court must orally or in writing set forth its reasons for granting an ends-of-justice continuance and make findings that a continuance is in the best interest of the defendant and the public. *Id*. The Speedy Trial Act permits a court to consider whether a case is so unusual or complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by the Speedy Trial Act. *Id*. at 3161(h)(7)(B)(ii). Even where a court declines to deem a case complex, the Speedy Trial Act permits a court to consider whether the failure to grant a continuance would deny counsel for the defendant or for the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *Id*. at 3161(h)(7)(B)(iv).

The Tenth Circuit has made clear that an ends of justice continuance should not be granted "cavalierly." *United States v. Williams*, 511 F.3d 1044, 1049 (10th Cir. 2007) (citations omitted); *see also United States v. Toombs*, 574 F.3d 1262 (10th Cir. 2009). Under *Toombs*, the parties must provide the district court a sufficient record to determine why the facts weigh in favor of providing additional time. *See Toombs*, 574 F.3d at 1271. A district court must also give significant weight to the public's interest in a speedy trial, which is generally served by strict adherence to the requirements of the Speedy Trial Act. *Id.* at 1273.

The Court has reviewed the defendant's Motion and concludes that the parties have provided an adequate record for the Court to rule on this matter without a hearing. The Court further that this case is unusual and complex under § 3161(h)(7)(B)(ii), based on the government's representations in its Motion. The case involves numerous alleged misrepresentations made in the course of investment ventures, approximately fifty potential witnesses, over 21,000 pages of documents, several bank accounts, and thousands of financial

transactions. Because many witnesses pertinent to the case are located out of state, scheduling and conducting pre-trial interviews will require additional time. Also, the allegations of unlawful monetary transactions under § 1957(a) and (h), and expenditures will involve the analysis of financial transactions, the process of which is detail-oriented and time-consuming. For defense counsel to engage in meaningful discussions with the government about the evidence, the charges, possible resolutions and potential trial issues, additional time must be afforded the parties to gain a command of the material and then to meet and confer. The Court finds, therefore, that the interests of the public and the defendants in a speedy trial are more than outweighed by the needs of the parties to prepare adequately for pretrial proceedings and the trial itself, given the complexities of the case, under the provisions of § 3161(h)(7)(B)(ii).

In addition, the Court concludes that the failure to grant a continuance would result in a miscarriage of justice and would deny counsel for both parties the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. § 3161(h)(7)(B)(i) and (iv). The same considerations that led the Court to find the matter complex also support its conclusion that the requirements of § 3161(h)(7)(B)(i) and (iv) are met.

The Court has also considered the public's independent interest in the prompt prosecution of criminal matters. *See Zedner v. United States,* 547 U.S. 489, 501 (2006). The Court finds that strict compliance with the Speedy Trial Act's 70-day deadline would subvert the public's interest in a fair trial of this case. While the public has a strong interest in a speedy trial of all criminal cases, this interest must be balanced against the parties' respective interests in having adequate time to prepare for trial. That interest, in having sufficient time to review and understand massive amounts of documents, numerous witness interviews, thousands of financial transactions, and to perform independent investigatory work to defend the case properly, here

outweighs the public's interest in a speedy trial under § 3161(h)(7)(B)(i), (ii) and (iv). The public has a strong interest in ensuring that innocent persons are not wrongly convicted. In fraud cases such as this, nuances of evidence can greatly affect the understanding of the events that the jury will assess, since often the battleground deals with a defendant's inward intent, rather than outward physical actions that are the basis of other, simpler types of federal offenses. Thorough trial preparation is, therefore, essential to a just outcome.

IT IS THEREFORE ORDERED that the government's Motion (Doc. 22) is **granted**. All deadlines in the current scheduling order (Doc. 14), including the jury trial currently set for March 20, 2017, are **stricken**. The following amended scheduling order is hereby entered:

| | |
|---|---|
| Motions due: | June 30, 2017 |
| Responses due: | July 31, 2017 |
| **PT/CP/Motions Hearing:** | **September 6, 2017 at 1:30 p.m.** |
| Voir dire, jury instructions, and trial briefs: | September 11, 2017 |
| **Jury Trial:** | **September 18, 2017 at 9:30 a.m.** |

**IT IS FURTHER ORDERED** that the time between March 20, 2017 and September 18, 2017, is excludable pursuant to 18 U.S.C. § 3161(h)(7).

IT IS SO ORDERED this 3rd day of February, 2017.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE